IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STERLING JEWELERS INC., a Delaware corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> ARTISTRY LTD., an Illinois corporation, <br><br> *Defendant.* | Civil Action No: <br><br> Judge: <br><br> COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF AND DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

For its complaint against Defendant Artistry, Ltd., Plaintiff Sterling Jewelers Inc. ("Sterling"), alleges and states as follows:

### Preliminary Statement

This is an action seeking a declaration that Plaintiff Sterling's use of its federally registered and unregistered trademarks that include the term "Artistry," as used in connection with a line of its jewelry sold in consumer retail stores, does not infringe any rights of Defendant. Sterling's claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et. seq.* Defendant has wrongly asserted that Sterling's use of its federally registered and unregistered trademarks that include the term "Artistry" in connection with its line of jewelry is likely to cause consumer confusion. As a result, a declaratory ruling is necessary to clarify Sterling's rights in its trademarks that include the term "Artistry" for use with jewelry going forward.

6610561.1

## PARTIES

1. Plaintiff Sterling Jewelers Inc. is a Delaware corporation having a business address at 375 Ghent Road, Akron, Ohio 44333.

2. Defendant Artistry, Ltd. is an Illinois corporation having its principal place of business at 8272 Lincoln Avenue, Skokie, Illinois 60077.

## JURISDICTION AND VENUE

3. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et. seq.*

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201-2201, and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over Defendant pursuant to the provisions of the Ohio Long Arm Statute, O.R.C. § 2307.382, and the laws of the United States. Upon information and belief, Defendant sells and distributes merchandise in the State of Ohio, which includes the Northern District of Ohio.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS AND BACKGROUND

### A. Sterling's "Artistry" Trademarks

7. Sterling or its predecessors have provided retail jewelry services under the Kay Jewelers® ("Kay") brand since 1916, the Jared® The Galleria Of Jewelry ("Jared") brand since 1993, the Belden® Jewelers ("Belden") brand since 1910, and the J. B. Robinson® Jewelers ("JBR") brand since 1929. Under the Kay, Jared, Belden, JBR, and other regional brands,

2

Sterling operates approximately 1,300 stores in all fifty states in the United States, including in this judicial district.

8. Sterling distributes and sells an extensive assortment of high-quality jewelry products, including a line of diamond jewelry sold under various trademarks that include the term "Artistry" as outlined below. Sterling first filed for trademark protection for and began selling jewelry under the trademark "Artistry Diamond Collection" in fall 2007, and has subsequently launched additional products under the "Artistry" name. Sterling has obtained U.S. federal trademark registrations and/or has pending federal trademark applications for the following trademarks for use with diamond jewelry that are the subject of this Complaint, summarized in the table below, and true and correct copies are attached as *Exhibit 1* (the "Sterling 'Artistry' Trademarks"):

| Trademark | Registration/ Application Number | Filing Date | Registration Date | Date of First Use |
|---|---|---|---|---|
| ARTISTRY DIAMOND COLLECTION | 3,644,234 | September 7, 2007 | June 23, 2009 | October 29, 2007 |
| ARTISTRY DIAMOND COLLECTION A & design | 3,644,235 | September 7, 2007 | June 23, 2009 | October 29, 2007 |
| ARTISTRY BLUE DIAMONDS | 4,377,727 | September 21, 2012 | July 30, 2013 | November 1, 2012 |
| ARTISTRY BLACK DIAMONDS | 4,377,728 | September 21, 2012 | July 30, 2013 | November 1, 2012 |
| ARTISTRY DIAMONDS | 4,389,571 | September 21, 2012 | August 20, 2013 | January 1, 2013 |
| ARTISTRY YELLOW DIAMONDS | 4,552,829 | March 21, 2013 | June 17, 2014 | January 28, 2013 |
| ARTISTRY GREEN DIAMONDS | 4,552,830 | March 21, 2013 | June 17, 2014 | January 28, 2013 |
| ARTISTRY PURPLE DIAMONDS | 86/071,894 | September 23, 2013 | (Allowed February 25, 2014) | n/a |

9. Each of the federal trademark registrations and applications as set out above are valid and subsisting.

10. Sterling markets its merchandise through national cable and network television advertising, in addition to national print and network radio advertising, catalogues, direct mailing, telephone marketing, point-of-sale signage, in-store displays, and through e-commerce via the Internet.

11. Sterling's "Artistry" Trademarks are used to promote a line of diamond jewelry sold directly to retail consumers through Sterling's retail stores. Examples of Sterling's advertisements for its jewelry products sold using the Sterling "Artistry" Trademarks are attached as *Exhibit 2*, and are true and correct copies of advertisements printed from Sterling's www.kay.com website and the website www.ispot.tv on June 23, 2014.

12. Sterling has expended substantial money to promote, advertise and expand its Sterling "Artistry" Trademarks that are used in connection with a line of diamond jewelry that is sold throughout the United States.

13. As a result of Sterling's marketing efforts and significant financial investment, Sterling's "Artistry" Trademarks have become valuable assets to Sterling as Sterling has developed substantial goodwill in these trademarks. Loss of the ability to use the Sterling "Artistry" Trademarks would have an adverse effect on Sterling's current and future operations.

B. **Artistry Ltd. And Its Claims That It Will Be Damaged By Sterling's Use Of The Sterling "Artistry" Trademarks**

14. Upon information and belief, Defendant purports to have been engaged in the manufacture and wholesale distribution of jewelry throughout the United States since the mid-

1980s, and claims to have maintained an internet website located at www.artistrylimited.com since 2001.

15. Upon information and belief, Defendant claims to advertise its jewelry to independent jewelry store buyers on a private label basis through industry trade journals and appearances at trade shows. See *Exhibit 3,* true and correct copies of advertisements printed from "JCK," an industry trade journal, and *Exhibit 4,* true and correct copies of pages downloaded from Defendant's website located at www.artistrylimited.com on June 23, 2014.

16. After having used the "Artistry" mark for jewelry for nearly seven years with no notice of any conflicts with that mark, Sterling received a cease and desist letter from Defendant on June 10, 2014. In that letter, Defendant advised Sterling of its claimed trademark use in the wholesale jewelry market since 1982 and that it believed that Sterling's use of its Sterling "Artistry" Trademarks was infringing Defendant's common-law trademark rights, as Defendant does not have a U.S. federal trademark registration. A true and correct copy of the letter dated June 10, 2014 from Defendant's counsel is attached as *Exhibit 5.*

17. In its letter of June 10, 2014, Defendant demanded that Sterling cease all use of the term "Artistry" in connection with jewelry by September 30, 2014, assign its U.S. trademark registrations for "ARTISTRY DIAMOND COLLECTION," "ARTISTRY DIAMONDS," "ARTISTRY BLUE DIAMONDS," and "ARTISTRY BLACK DIAMONDS" to Defendant, and abandon its remaining Sterling "Artistry" Trademarks. Defendant also demanded an accounting of Sterling's sales and advertising expenditures so that it could calculate monetary damages. See *Exhibit 5.*

18. On June 20, 2014, Defendant filed a Petition to Cancel Sterling's U.S. federal trademark registrations for "ARTISTRY DIAMOND COLLECTION" and "ARTISTRY

5

DIAMOND COLLECTION A & design" (U.S. Reg. Nos. 3644234 and 3644235, respectively) with the Trademark Trial and Appeal Board (TTAB) of the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the Petition to Cancel dated June 20, 2014 is attached as *Exhibit 6.*

19. Defendant alleges in its Petition to Cancel that it has "received from individuals who are familiar with Artistry Ltd. and its business numerous inquiries regarding whether Petitioner Artistry Ltd. is associated or affiliated in some way with Registrant Sterling." See *Exhibit 6 at ¶ 18.*

20. Defendant has asked the USPTO to cancel Sterling's U.S. federal trademark registrations for "ARTISTRY DIAMOND COLLECTION" and "ARTISTRY DIAMOND COLLECTION A & design" because these trademarks "so resemble the ARTISTRY LTD. Marks as to be likely to cause confusion, or to cause mistake, or to deceive with respect to the source or origin of Registrant Sterling's diamond jewelry products, with respect to Petitioner Artistry Ltd.'s sponsorship thereof or connection or affiliation therewith, and/or in other ways." See *Exhibit 6 at ¶ 19.*

21. Defendant has had at least "constructive notice" of Plaintiff and its Sterling "Artistry" Trademarks since at least as early as September 9, 2008, when Sterling's first federal trademark application for "Artistry Diamond Collection" was published in the USPTO's "Official Gazette."

22. Sterling first began using the "Artistry Diamond Collection" brand on or about October 29, 2007, nearly one (1) year prior to the USPTO publication date. Clearly, with Sterling's prominence in the market, Defendant either did discover or should have discovered Sterling's use of the "Artistry" brand soon thereafter, or at the very latest, by the USPTO

6

publication date, if Defendant had been actively policing its trademarks as part of a diligent trademark owner's duty.

23. Since the nearly seven (7) years that have elapsed since Sterling first launched its Sterling "Artistry" Trademarks, Sterling has invested significantly in its Sterling "Artistry" Trademarks, and introduced additional product names in 2012, such as "ARTISTRY BLUE DIAMONDS," filing a new U.S. federal trademark application for this brand expansion almost two (2) years ago.

24. There is no likelihood of confusion between Sterling's use of the "Artistry" marks in certain of its products and Plaintiff's use of "Artistry" as a business name. Both companies' uses of "Artistry" co-existed for nearly seven years with no known instances of confusion. Critically, Plaintiff Sterling sells its products to different and distinct classes of consumers and through different trade channels than Defendant. Specifically, Sterling sells certain of its jewelry products under the "Artistry" name directly to consumers through stores like Kay Jewelers. By contrast, Defendant does not sell jewelry products to end consumers. Rather, Defendant sells its jewelry products at wholesale on a private label basis to buyers for independent jewelry stores. Further, while Defendant uses "Artistry" in its name, it does not use "Artistry" as a brand, product name, source identifier or any part thereof.

25. The actions by Defendant, demanding that Sterling cease use of its Sterling "Artistry" Trademarks, requesting cancellation of certain Sterling "Artistry" Trademarks, requesting that Sterling transfer ownership of certain trademarks to Defendant, and requesting monetary damages based on past alleged infringement, have created a concrete dispute between the parties regarding their respective rights in the term "Artistry" for use in connection with jewelry that warrants resolution by declaratory action.

26.     Here, declaratory relief will serve the useful purpose of clarifying and settling the legal rights between the parties with respect to the "Artistry" term as used in connection with jewelry.

27.     Under the circumstances, a controversy of sufficient immediacy and reality exists with respect to Sterling's use of its Sterling "Artistry" Trademarks to warrant the issuance of a declaratory judgment.

28.     Therefore, there exists an actual and justiciable controversy between Sterling and Defendant regarding whether Sterling is violating the alleged trademark rights claimed by Defendant.

29.     Since 2007, Sterling has made a substantial monetary investment and has developed significant goodwill in its Sterling "Artistry" Trademarks. Sterling's right to use its Sterling "Artistry" Trademarks is now clouded as a result of Defendant's actions, and Defendant's allegations will continue to impede and interfere with Sterling's legitimate business interests and objectives, thereby constituting actual harm and injury to Plaintiff Sterling. Further, it is inequitable for Defendant to fail to police its claimed trademarks and now seek to enforce its alleged rights seven (7) years after Sterling began using the Sterling "Artistry" Trademarks, constituting further harm and prejudice to Sterling as it has built its brand upon reliance in its right to use its Sterling "Artistry" Trademarks.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

30.     Sterling incorporates by reference the allegations set forth in the preceding paragraphs 1-29, as though fully set forth herein.

31. Sterling's use of its Sterling "Artistry" Trademarks, both federally registered and unregistered, does not infringe any existing and valid trademark right of Defendant under the Lanham Act (15 U.S.C. § 1125(a)).

## COUNT II

### (Declaratory Judgment That Sterling's U.S. Trademark Registration Nos. 3,644,234; 3,644,235; 4,377,727; 4,377,728; 4,389,571; 4,552,829; and 4,552,830 For Its Sterling "Artistry" Marks Are Valid And Subsisting)

32. Sterling incorporates by reference the allegations set forth in the preceding paragraphs 1-31, as though fully set forth herein.

33. Sterling's federally registered trademarks, U.S. Reg. Nos. 3,644,234; 3,644,235; 4,377,727; 4,377,728; 4,389,571; 4,552,829; and 4,552,830 are not adversely impacted by any claimed right of Defendant, are valid and subsisting, and as a result, should not be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sterling Jewelers Inc. prays for the following relief:

   a) That the Court declare that Sterling's use of its Sterling "Artistry" Trademarks, both federally registered and unregistered, does not infringe any existing and valid trademark right of Defendant under the Lanham Act (15 U.S.C. § 1125(a));

   b) That the Court declare that Sterling's federally registered trademarks, U.S. Reg. Nos. 3,644,234; 3,644,235; 4,377,727; 4,377,728; 4,389,571; 4,552,829; and 4,552,830, are not adversely impacted by any claimed right of Defendant, are valid and subsisting, and as a result, should not be cancelled;

   c) That the Court order Defendant Artistry Ltd., its officers, directors, employees, servant, attorneys, agents, representatives, distributors, licensees, and all persons in

active concert or participation with them, be enjoined and restrained permanently from interfering with Sterling's use and registration of its Sterling "Artistry" Trademarks, and from opposing, seeking to cancel, or otherwise objecting to any federal registration applications for Sterling's "Artistry" Trademarks;

    d) That Sterling be awarded its reasonable attorneys' fees and costs; and

    e) That the Court grants such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Michael J. Garvin*

Michael J. Garvin (0025394)
mjgarvin@hahnlaw.com
Mark A. Watkins (0040519)
mawatkins@hahnlaw.com
Amanda H. Wilcox (0073832)
awilcox@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824
*Attorneys for Plaintiff*